UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEYSTONE GLOBAL, LLC,            :
                  Plaintiff,    :
    v.                                         :    Civ. No. _____
                              :
WALMART INC.,                          :
                  Defendant.   :

## COMPLAINT

In support of its complaint herein, plaintiff Keystone Global, LLC ("Keystone") avers as follows:

1. This is an action in law and equity for patent infringement against defendant Walmart Inc. ("Walmart")

2. Keystone is a New York limited liability company with a place of business at 75A Lake Road, # 111, Congers, New York 10920.

3. Upon information and belief, Walmart is a Delaware corporation with it principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

### Nature Of Action

4. This is an action for infringement of U.S. Pat. Nos. 8,850,727; 7,866,715; and 8,047,601 under 35 U.S.C. § 271.

### Jurisdiction And Venue

5. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction is proper in that Walmart is incorporated under the laws of the State of Delaware.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400.

**Facts**

8. Keystone is the owner of U.S. Pat. Nos. 8,850,727 ("the '727 patent"); 7,866,715 ("the '715 patent"); and 8,047,601 ("the '601 patent") (collectively the "Patents-In-Suit"), copies of which are attached hereto as Exhibit A.

9. The '727 patent relates to a structure for a license plate. The '727 patent claims, in general terms, a device for attaching a license plate to a vehicle, including in certain claims a license plate frame having pyramid shaped extensions.

10. The '715 and '601 patents relate to a protective device for vehicles. The '715 and '601 patents generally claim protective devices for vehicles, the devices comprising in part stabilizer blocks disposed on and/or formed integrally with the base of the device.

11. Keystone, through a licensee, sells commercial embodiments of the Patents-In-Suit, which are marked in accordance with 35 U.S.C. § 287.

12. Walmart provides an online marketplace for goods. As part of its online marketplace for goods, Walmart enters into contracts with certain third-party sellers, called "Marketplace Retailers," who are permitted to post listings for products on Walmart's online marketplace. Walmart processes orders for and accepts payments from customers for Marketplace Retailer products and, in return for these and other services, receives a fee when a Marketplace Retailer product is sold.

13. In addition to the foregoing, Walmart also acts as the fulfillment agent for some Marketplace Retailer orders placed through its website. In such instances, Walmart takes possession of the goods being offered for sale and maintains such inventory in one or more of Walmart's warehouses. Upon receiving orders for such goods through its online marketplace,

Walmart processes the order, ships the product to the consumer, and receives an additional fee for such services.

14. Walmart provides a means for contacting it to report infringement of intellectual property rights occurring in its online marketplace. The website provides a link to an IP Claim Form at https://help.walmart.com/app/ts, which is Walmart's online reporting tool, that is, a web-based form implemented for purposes of reporting intellectual property violations.

15. Upon information and belief, Walmart's online reporting tool allows claimants to select what type of intellectual property infringement is being reported but does not allow claimants to attach or submit copies of the intellectual property being infringed or any other documents or evidence supporting the infringement being reported.

16. Upon information and belief, Walmart's online reporting tool is largely automated. Upon information and belief, Walmart's online reporting tool automatically generates initial responses to submitted notices, such responses having no consideration of the actual content of the notice. Upon information and belief, a substantial number of notices submitted via Walmart's online reporting tool never receive human review or interaction.

17. On or about December 8, 2020, Keystone learned of multiple listings on Walmart's online marketplace through which products infringing the Patents-In-Suit were offered for sale and sold. The listings are set forth in the table below, and printed copies of some of these listings are attached hereto as Exhibit B:

| Walmart Seller ID | Walmart Listing |
|---|---|
| Walmart | https://www.walmart.com/ip/Motor-Trend-BG-101-Heavy-Duty-Universal-Rear-Bumper-Guard-for-Cars-Sedans-and-Small-SUVs-Sratch-Dent-Protector-for-Parked-Vehicles/577521875 |

| Walmart Seller ID | Walmart Listing |
|---|---|
| American Auto Crews Inc. | https://www.walmart.com/ip/Motor-Trend-BG-101-Heavy-Duty-Universal-Rear-Bumper-Guard-for-Cars-Sedans-and-Small-SUVs-Sratch-Dent-Protector-for-Parked-Vehicles/577521875 |

18.     On or about December 8, 2020, Keystone reported the infringing listings to Walmart using its online reporting tool.  Keystone provided all the information requested by the online reporting tool regarding the infringing products.  Walmart confirmed receipt of Keystone's online infringement report but thereafter took no further action to remove the infringing products from its website.

19.     On or about December 10, 2021, Keystone provided another notice by overnight delivery to Walmart's legal department identifying Keystone's patent and the infringing product listings.

20.     On or about January 19, 2021, Keystone learned of multiple listings on Walmart's online marketplace through which products infringing the Patents-In-Suit were offered for sale and sold.  The listings are set forth in the table below, and printed copies of some of these listings are attached hereto as Exhibit B:

| Walmart Seller ID | Walmart Listing |
|---|---|
| DailySale, Inc | https://www.walmart.com/ip/OxGord-Universal-Front-Car-Bumper-Guard-Protector-License-Plate-Frame/312846259 |
| Won Lane | https://www.walmart.com/ip/OxGord-Universal-Front-Car-Bumper-Guard-Protector-License-Plate-Frame/487163310 |
| END2END GLOBAL INC | https://www.walmart.com/ip/Vingtank-Car-Auto-Front-Bumper-Guard-EVA-License-Plate-Frame-Automobile-Protection/981260210 |
| Joybuy Express | https://www.walmart.com/ip/Car-Auto-Front-Bumper-Guard-EVA-License-Plate-Frame-Automobile-Protection/770651206 |
| Joybuy Express | https://www.walmart.com/ip/Sunisery-Car-Auto-Black-Front-Bumper-Guard/374767153 |

21. On January 20, 2021, Keystone sent a notice by email to Walmart's legal department identifying Keystone's patent and the infringing product listings.

22. Walmart's legal department has repeatedly denied any responsibility for removing the infringing product listings from Walmart's website because, according to Walmart, such products originate from Marketplace Retailers.

23. Walmart has the ability to remove listings for infringing products sold by Marketplace Retailers through Walmart's website.  Upon information and belief, Walmart has the legal right to remove listings when a Marketplace Retailer's product infringes a third party's intellectual property rights.  Upon information and belief, Walmart collects fees from the sale of all Marketplace Retailer products sold through Walmart's website, including Marketplace Retailer products for which Walmart knows (or should know through receipt of actual notice) there is a claim of patent infringement.

### First Count
### Patent Infringement Under 35 U.S.C. § 271(a)

24. Keystone repeats the allegations contained in the above paragraphs.

25. Through the conduct described above, Walmart infringes the Patents-In-Suit in violation of 35 U.S.C. § 271(a).

26. Walmart, having received actual and constructive notice of Keystone's patent rights and further continuing to infringe such rights, has willfully and intentionally infringed Keystone's Patents-In-Suit.

27. Keystone has been and continues to be harmed by such infringement.

### Second Count
### Patent Infringement Under 35 U.S.C. § 271(b)

28. Keystone repeats the allegations contained in the above paragraphs.

29. Through the conduct described above, Walmart actively induces others to directly infringe the Patents-In-Suit in violation of 35 U.S.C. § 271(b), including without limitation all purchasers of the aforementioned products.

30. Walmart, having received actual and constructive notice of Keystone's patent rights and further continuing to infringe such rights, has willfully and intentionally infringed Keystone's Patents-In-Suit.

31. Keystone has been and continues to be harmed by such infringement.

## Prayer For Relief

WHEREFORE, Keystone respectfully requests that the Court enter judgment in favor Keystone:

a. awarding actual damages to Keystone for Walmart's patent infringement under 35 U.S.C. § 284, in an amount to be determined, but in no event less than a reasonable royalty, plus pre- and post-judgment interest;

b. awarding exemplary damages to Keystone in an amount equal to three times the actual damages and profits awarded pursuant to 35 U.S.C. § 284;

c. awarding Keystone its costs and attorneys' fees pursuant to 35 U.S.C. § 285;

d. permanently enjoining Walmart pursuant to 35 U.S.C. § 283 from importing, offering for sale and selling, or inducing any third party from importing, offering for sale or selling, any product which infringes Keystone's patent rights; and

e. providing all other legal and equitable relief that the Court deems just and proper.

***Jury Demand***

Keystone requests a jury as to all matters so triable.

Dated: February 17, 2021		Respectfully submitted,

		*/s/ Jeffrey L. Eichen*
		Jeffrey L. Eichen, Esq. (#5331)
		Faegre Drinker Biddle & Reath LLP
		222 Delaware Ave.
		Suite 1410
		Wilmington, DE 19801
		Telephone: (302) 467-4200
		jeff.eichen@faegredrinker.com